**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LEO SCOTT,

      Plaintiff-Appellant,

v.

INMATE ACCOUNTS - DOC; CASE
MANAGER WATKINS; VICKIE
BUTTS, Adm. Asst. III; STAN RONI;
ANTHONY A. DeCESARO; and
DOC/CCF STAFF,

      Defendants-Appellees.

No. 03-1252

(D.C. No. Civil No. 03-Z-723)

(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

---

Plaintiff *pro se* Leo Scott is a prisoner in the custody of the Colorado

Department of Corrections (DOC). On April 24, 2003, he filed a complaint under

42 U.S.C. § 1983, naming as Defendants the DOC Inmate Accounts department

---

*After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and several prison employees—Case Manager Watkins, Vickie Butts, Stan Roni, Anthony DeCesaro, and the staff of the Centennial Correctional Facility. Plaintiff alleged that he was prevented from spending 50 percent of his inmate wages to buy hygiene items and writing supplies from the prison canteen; that prison employees verbally harassed him because he was gay; and that prison employees "refused grievances" about the harassment. Dist. Ct. R., Doc. No. 3, at 5. The district court ruled that Plaintiff's claims were legally frivolous and dismissed his complaint in an order entered May 14, 2003. Plaintiff now appeals the district court's decision. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

In dismissing the complaint, the district court relied on 28 U.S.C. § 1915(e)(2)(B)(i), which applies to suits filed by prisoners proceeding *in forma pauperis*. The provision directs courts to "dismiss [a] case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Supreme Court has held that "[b]ecause the frivolousness determination is a discretionary one, . . . a § 1915(d) dismissal is properly reviewed for an abuse of that discretion . . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In light of subsequent statutory amendments, this court has "question[ed] whether abuse of discretion is now the correct standard to apply" and suggested that "a determination of frivolousness may now be subject to de novo review . . . ." *Basham v. Uphoff,* No. 98-8013, 1998 WL 847689, at *4

n.2 (10th Cir. Dec.8, 1998) (unpublished disposition). Here, the distinction between the two standards of review is of no consequence, because we would reach the same result regardless of whether we applied a de novo standard or an abuse of discretion standard.

The district court noted that Plaintiff had not identified the constitutional basis for his claims. Because the Eighth Amendment is "the explicit textual source of constitutional protection in the prison context," *Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995) (internal quotation marks and citation omitted), the court determined that Plaintiff's claims should be construed as arising under the Eighth Amendment. United States Supreme Court "cases have held that a prison official violates the Eighth Amendment only when two requirements are met"—"the deprivation alleged must be, objectively, sufficiently serious," and the prison official must have exhibited "deliberate indifference to inmate health or safety. . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks deleted).

Against this legal framework, the district court considered Plaintiff's claim that prison employees had verbally harassed him and made jokes about his being gay. The district court concluded that this claim should be dismissed as "legally frivolous because verbal harassment, without more, does not state an arguable constitutional claim." Dist. Ct. R., Doc. No. 4, at 3 (citing, *inter alia*,

*Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (noting that among the actions "necessarily excluded from the cruel and unusual punishment inquiry . . . are verbal threats and harassment.")).

The district court next addressed Plaintiff's claim that he was prevented from spending 50% of his inmate pay to buy hygiene products and writing supplies from the prison canteen, for a period of two months. The district court observed that the prison employees' written responses to Plaintiff's grievances, attached as exhibits to the complaint, show that he was not denied these funds. Rather, his inability to use the funds for the two months in question stemmed from the timing of his attempted purchases. In order to use 50% of their pay to buy items from the canteen, inmates must make their purchases relatively early in the month. Otherwise, the money is applied toward medical and other expenses. Plaintiff had apparently failed to spend his funds early in the month. The district court concluded that the facts alleged by Plaintiff did not "rise to the level of an Eighth Amendment violation . . . ." Dist. Ct. R., Doc. No. 4, at 4.

The district court did not specifically discuss Plaintiff's apparent claim that prison employees refused to allow him to file grievances concerning the alleged verbal harassment. But the district court's analysis regarding the merits of the harassment claim encompasses the grievance claim as well. If the harassment

itself implicated no constitutional right, we fail to see how interference with his grieving such harassment would constitute a constitutional violation.

As a final matter, we note that in his Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees, Plaintiff refers to having his "first, 8th, and 14th amendment rights . . . violated." Motion at 3. The district court did not discuss the First and Fourteenth Amendments in its order, because Plaintiff had not specified the constitutional grounds for his claims, and the court "construe[d] . . . his claims in this action as being asserted pursuant to the Eighth Amendment." Dist. Ct. R., Doc. No. 4, at 2. We believe that it was reasonable for the district court to construe Plaintiff's complaint as asserting Eighth Amendment claims. This court has employed an Eighth Amendment analysis to evaluate claims alleging verbal harassment, *see*, *e.g.*, *Adkins,* 59 F.3d 1034, and claims alleging the denial of hygiene items, *see*, *e.g.*, *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Plaintiff's allegation that prison employees interfered with his effort to file grievances could theoretically raise First or Fourteenth Amendment concerns. As we have explained, however, Plaintiff does not appear to assert this as a claim distinct from his harassment claim.

Having considered the briefs and record in this case, we conclude that the district court was correct in dismissing Plaintiff's complaint as frivolous. Therefore, for substantially the same reasons set forth in the district court's order

of May 14, 2003, we AFFIRM the dismissal of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(i). In addition, we note that Plaintiff has applied to proceed without prepayment of the appellate filing fee. This motion is DENIED, and Plaintiff is ordered to make immediate payment of the unpaid balance due.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge