F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**SEP 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEO SCOTT,

      Plaintiff-Appellant,

v.

CROWLEY COUNTY
CORRECTIONAL FACILITY; CCCF
PROPERTY; and CO
HOLLONSWORTH,

      Defendants-Appellees.

No. 03-1253

(D.C. No. 03-Z-721)

(D. Colorado)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

Plaintiff *pro se* Leo Scott is a prisoner in the custody of the Colorado

Department of Corrections. On April 24, 2003, he filed a complaint under 42

U.S.C. § 1983, naming as Defendants the Crowley County Correctional Facility

---

*After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(CCCF), CCCF Property, and CO Hollonsworth. Plaintiff alleged that he was improperly held in segregation for 65 days at CCCF; that during this time he was not allowed to possess some of his personal property; and that upon his release from segregation, he discovered that several items of his personal property were missing. The district court, ruling that Plaintiff's claims were legally frivolous, dismissed his complaint in an order entered May 15, 2003. Plaintiff now appeals the district court's decision. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

In dismissing the complaint, the district court relied on 28 U.S.C. § 1915(e)(2)(B)(i), which applies to suits filed by prisoners proceeding *in forma pauperis*. The provision directs courts to "dismiss [a] case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Supreme Court has held that "[b]ecause the frivolousness determination is a discretionary one, . . . a § 1915(d) dismissal is properly reviewed for an abuse of that discretion . . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In light of subsequent statutory amendments, this court has "question[ed] whether abuse of discretion is now the correct standard to apply" and suggested that "a determination of frivolousness may now be subject to de novo review . . . ." *Basham v. Uphoff,* No. 98-8013, 1998 WL 847689, at *4 n.2 (10th Cir. Dec.8, 1998) (unpublished disposition). Here, the distinction

between the two standards of review is of no consequence, because we would reach the same result regardless of whether we applied a de novo standard or an abuse of discretion standard.

According to Plaintiff, officials at CCCF denied him access to some of his personal property while he was in segregation and then, following his release from segregation, failed to return to him various items of property worth $149.80, as well as important legal papers. Although Plaintiff's complaint had not specified the constitutional ground on which he was basing this claim, the district court construed it as a Fourteenth Amendment Due Process claim. The district court first observed that Plaintiff "does not allege that Defendants intentionally lost or destroyed his property," and that his allegations would thus fall short of supporting a Due Process claim. Dist. Ct. R., Doc. No. 4, at 3. The United States Supreme Court has held that Due Process "is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Although the district court seemed to read Plaintiff's complaint as alleging only unintentional loss, the court did not entirely rely on this assumption in determining that Plaintiff's lost-property claim was frivolous. The court stated that "even assuming the loss of [Plaintiff's] personal property was intentional, an unauthorized intentional deprivation of property does not violate due process if an

adequate postdeprivation remedy for the loss is available." Dist. Ct. R., Doc. No. 4, at 3 (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("intentional deprivations [of property] do not violate [the Due Process] Clause provided, of course, that adequate state post-deprivation remedies are available.")). *Cf. Gillihan v. Shillinger*, 872 F.2d 935, 939-40 (10th Cir. 1989) ("when the deprivation is not random and unauthorized, but is pursuant to an affirmatively established or *de facto* policy, procedure, or custom, the state has the power to control the deprivation and, therefore, generally must, in the absence of compelling reasons to the contrary, give the plaintiff a predeprivation hearing.") Plaintiff has alleged that the prison officials failed to respond to a grievance he filed, and this might suggest that the CCCF's administrative grievance procedure would not provide an adequate remedy. But Plaintiff has not explained why he could not bring a state court action seeking damages for the loss of his property, under a theory of conversion.

Plaintiff also claims that he was improperly held in segregation for 65 days following his transfer to CCCF from another facility. Treating this claim as arising under the Due Process Clause, the district court concluded that Plaintiff had failed to demonstrate that he had been deprived of a protected liberty interest without due process of law. Under the federal Constitution a prisoner "is not entitled to a particular degree of liberty in prison." *Templeman v. Gunter*, 16 F.3d

367, 369 (10th Cir. 1994). The Supreme Court has rejected the notion that "*any* change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

To be sure, a liberty interest may stem from a source other than federal constitutional law. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). These state-created liberty interests, however, "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (internal citations omitted). Here, the district court found that Plaintiff had "not allege[d] facts that amount to an atypical and significant hardship," and had not shown "that the length of [his] confinement inevitably will be affected by his placement in segregation at the [CCCF]." Dist. Ct. R., Doc. No. 4, at 4.

As a final matter, we note that in his Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees, Plaintiff refers to having his "eight[sic], fourteenth, and first amendment [rights] violated]." Motion at 3. The district court limited its analysis to the Fourteenth Amendment, because Plaintiff

had not identified a constitutional basis for his claims, and the court "construe[d] the complaint liberally as asserting due process claims." Dist. Ct. R., Doc. No. 4, at 2. We have reviewed Plaintiff's complaint and have determined that he failed to develop an Eighth Amendment or First Amendment theory before the district court. Accordingly, we do not consider those claims. *See Tele-Communications, Inc. v. Comm'r of Internal Revenue*, 104 F.3d 1229, 1232 (10th Cir. 1997) ("Generally, an appellate court will not consider an issue raised for the first time on appeal.")

Having considered the brief and record in this case, we conclude that the district court was correct in dismissing Plaintiff's complaint as frivolous. Therefore, for substantially the same reasons set forth in the district court's order of May 15, 2003, we AFFIRM the dismissal of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(i). In addition, we note that Plaintiff has applied to proceed without prepayment of the appellate filing fee. This motion is DENIED, and Plaintiff is ordered to make immediate payment of the unpaid balance due.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge