**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 7 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEO SCOTT,

      Plaintiff - Appellant,

v.

CASE MANAGER OWENS (SCF);
SGT. M. LEIBA (SCF Property);
NICOLE WILSON (SCF Medical);
C/O STERGEN (SCF Property);
VICKIE BUTTS (Admin Asst. III);
R. WRIGHT, Case Manager (CCF);
L. WATKINS, Case Manager (CCF);
SGT. MORRIS (CCF Property);
J. SCHECK (SCF Inmate Accounts);
STAN RONI (CCF Inmate Accounts);
CO VIOLA (Offender Mail); LT.
STAGG (SCF Mail Room Supervisor);
LT. CHRIS BARR (CCF Intelligence
Coordinator); THOMAS E. KOLLE
(Custodian of Offender Records); and
MAJ. L. WAIDE (SCF Administrative
Manager),

      Defendants - Appellees.

No. 03-1309
(D.C. No. 03-Z-960)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the

(continued...)

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

     Plaintiff Leo Scott, a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility, appeals pro se from the district court's dismissal of his amended complaint as legally frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i). Scott brought this action under 42 U.S.C. §1983, alleging that prison officials 1) did not allow him to use one-half of his inmate pay to purchase hygiene products and postage stamps from the prison canteen, 2) denied him indigent status, and 3) destroyed some of his personal property after he attempted to mail it out of the prison but refused to pay for postage. We agree that Scott's claims are frivolous and AFFIRM.[1]

---

     *(...continued)
citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [1] Scott also complained before the district court that he was denied access to certain medical records and that prison officials did not permit him to refer to himself as "Reverend Leo Scott." He does not raise these arguments anywhere in his brief to this Court, and therefore we do not address these issues. See Pino v. Higgs, 75 F.3d 1461, 1463 (10th Cir. 1996) (appellant waives issues not argued in its appellate brief, even if raised in a preliminary docketing statement).
    Because Scott brings this action pro se, we construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Yet "an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

<u>Background</u>

Scott's complaints center on his alleged inability to make certain purchases because he did not have enough money in his inmate account. In particular, he argues that he lacked funds to pay for hygiene products, stamps, and other items from the prison canteen. In addressing these grievances we must first explain briefly the inmate banking system used by the Colorado Department of Corrections (DOC) and the status of Scott's account.

Under DOC's Administrative Regulations, inmate expenditures are classified into two major categories: elective withdrawals initiated by the prisoner (such as canteen purchases, postage, and copy charges) and non-elective withdrawals (such as fines and payments for medical services). DOC Reg. 200-02 at III(F), III(G), IV(B). A prisoner may make non-elective withdrawals even if doing so results in a negative balance on his or her inmate account. <u>Id.</u> at IV(B). Likewise, offenders may generally send out and be charged for legal mail even if it results in a negative account balance. DOC Reg. 300-38 at III(E). In contrast, a prisoner may make elective withdrawals only if he has sufficient funds available to cover the purchase. DOC Reg. 200-02 at IV(A).

Yet in some instances, a prisoner may have funds "available" for elective withdrawals even though his or her total account balance is below zero. When a prisoner has a negative total account balance and receives deposits to his or her

account – such as inmate pay – half of the deposit will generally be used to offset the prisoner's negative balance and the other half will generally be available for expenditure. Id. at IV(E)(3). Furthermore, indigent offenders may be eligible to receive basic hygiene items and certain postage assistance free of charge. DOC Reg. 850-14 at IV(C)(1)-(2). Prisoners are considered "indigent" for purposes of these regulations if they meet certain criteria, including that "the offender has not received offender pay for the preceding 30 days." Id. at IV(B)(1).

Although Scott's total account balance has long been below zero, the record shows that he has received monthly inmate pay. Half of that pay has been credited to his available balance, and Scott could have used this money for various elective withdrawals, such as buying hygiene products and other items from the canteen, or mailing property out of the prison. To do so, however, he had to make those withdrawals before his account was charged for other expenses.

According to Scott's account statement, he did on several occasions make canteen purchases before his available balance was exhausted by other expenses; in other months he instead allowed his available balance to be used up by medical, copying and postage debits.

### Scott's § 1983 Claims

Scott does not articulate what federal legal rights he asserts prison officials have violated. Presumably, he intends to argue that his inability to buy certain

- 4 -

goods and services constitutes cruel and unusual punishment in violation of the Eighth Amendment and/or that he has been deprived of appropriate procedural safeguards with respect to his property in violation of the Due Process Clause of the Fourteenth Amendment. We can find no merit in either of these arguments.

We initially observe that this is not the first time Scott has complained in this Court of his inability to use half of his inmate pay to buy hygiene products and other supplies from the prison canteen. See Scott v. Inmate Accounts – DOC, 75 Fed. Appx. 708, 709-10 (10th Cir. 2003). In Scott v. Inmate Accounts, the defendants included Case Manager Watkins, Vickie Butts and Stan Roni – all defendants in this appeal – as well as "DOC/CCF Staff." We construed Scott's complaint in that action as an Eighth Amendment challenge, and held that his claim was frivolous. Id. at 709-10. In the present case, all of the defendants are DOC staff. To the extent Scott merely repeats his argument that he was prevented from spending half of his pay in the canteen, his claim is barred by res judicata. See Rivet v. Regions Bank of La., 522 U.S. 470, 476 (1998) (noting that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action").

More fundamentally, Scott has alleged nothing that suggests he has been subjected to inhumane conditions of confinement. See Penrod v. Zavaras, 94 F.3d 1399, 1405 (10th Cir. 1996). "A prison official may be held liable under the

Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id.; see also Farmer v. Brennan, 511 U.S. 825, 834 (1994) (an Eighth Amendment violation occurs if an inmate is denied "the minimal civilized measure of life's necessities" and prison officials acted with deliberate indifference). Although a denial of basic hygiene items might meet this standard under extreme conditions, Scott has not come close to alleging a substantial risk of serious harm in this case. Cf. Penrod, 94 F.3d at 1406. In fact, Scott has not alleged any injury whatsoever, and he was unable to buy hygiene supplies only because he neglected to pay for them when he had available funds in his inmate account. For these same reasons, denying Scott indigent status pursuant to DOC Reg. 850-14 IV(B)(1) because he received monthly inmate pay – thus requiring him to purchase his own hygiene supplies – does not constitute cruel and unusual punishment.

We also reject Scott's procedural due process claim. It appears from his complaint that Scott contends that the defendants were not authorized to destroy his property. This assertion states no constitutional claim because Scott has not alleged that he lacks a meaningful post-deprivation remedy, such as a state law tort action. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Winters v. Bd. of County Comm'rs, 4 F.3d 848, 857 (10th Cir. 1993). "The deprivation of

procedural due process is not complete unless and until the state fails to provide adequate constitutionally essential procedures." Winters, 4 F.3d at 856.[2]

Conclusion

For the foregoing reasons, we hold that Scott has failed to state an arguable claim for relief, and that this action is therefore frivolous. Cf. Hall, 935 F.2d. at 1109. Accordingly, the district court correctly dismissed Scott's action pursuant to 28 U.S.C. §1915(e)(2)(B)(i).[3] Furthermore, because Scott has failed to present

---

[2] An adequate post-deprivation remedy relieves due process concerns only for unauthorized acts, not for compliance with established state policy. Winters, 4 F.3d at 857. Even if we construed Scott's complaint as a challenge to established DOC procedures, his action fails because he has not shown that DOC's policies governing inmate property deprive him of due process.

Under DOC regulations, prison officials may dispose of property that is determined to be contraband, including items over the allowable property limit. DOC Regs. 300-06(III)(C), 300-06(IV)(R), 850-06(IV)(J). If an inmate can prove ownership and the item does not pose a security risk, the inmate may mail it from the prison at his or her own expense. DOC Reg. 300-06(IV)(R)(5)(c). Yet if the inmate lacks available funds to mail the item out within 30 days of notice, the item may be destroyed or in some cases donated to charity. Id.

We have previously held that due process is satisfied when a prison disposes of an inmate's property after providing a meaningful opportunity for the inmate to send it to someone outside the prison. Searcy v. Simmons, 299 F.3d 1220, 1229 (10th Cir. 2002). The DOC regulations provide Scott with such an opportunity. As explained above, he could have used half of his inmate pay to ship his property had he elected to do so before his available funds were used for other expenditures. On this record, Scott has failed to point to any specific facts suggesting that DOC property and inmate banking regulations denied him a meaningful opportunity to mail out his property before it was destroyed. See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (this court will not supply additional factual allegations to round out a plaintiff's complaint).

[3] We note that on at least two prior occasions Scott has brought claims

(continued...)

any non-frivolous challenges to the district court's order, we also agree with the district court that this appeal was not taken in objective good faith.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).

We AFFIRM the district court's dismissal of Scott's claims, and DENY his motion for leave to proceed on appeal without prepayment of costs or fees.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[3](...continued)
while incarcerated that were dismissed as frivolous.  See Scott v. Inmate Accounts – DOC, 75 Fed. Appx. 708, 710 (10th Cir. 2003); Scott v. Crowley County Corr. Facility, 2003 WL 22093917 at 1 (10th Cir. 2003).  Accordingly, in light of our judgment in this case, he may no longer bring a civil action or appeal in forma pauperis under 28 U.S.C. § 1915 unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).