[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10241
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 20, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-00110-JRH-WLB

ALBERT W. MCDANIELS,

Plaintiff-Appellant,

versus

CAROLINE LEE,
Director of Nursing,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 20, 2010)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Albert W. McDaniels, a Georgia prisoner proceeding *pro se*, appeals the district court's grant of summary judgment in favor of the defendant, Caroline Lee, in his 42 U.S.C. § 1983 civil rights suit and the court's denial of his motion to appoint counsel.

McDaniels filed a complaint alleging that Lee, who was the Director of Nursing at the jail where McDaniels was incarcerated, was deliberately indifferent to his HIV status.[1] On appeal, McDaniels first argues that the district court erred by denying his motion to appoint counsel because he was entitled to have an attorney represent him due to the complexity of the medical evidence and legal issues involved in his claim. Second, McDaniels asserts that the district court erred in granting summary judgment in favor of Lee because he produced evidence showing that no medical personnel examined him until approximately a month after he arrived at the jail, medical personnel did not timely provide his medications, and he did not receive the special diet that a doctor had ordered for him.

## I. MOTION TO APPOINT COUNSEL

We review the district court's denial of a motion for the appointment of

---

[1] Although McDaniels also named several additional defendants in his complaint, the district court *sua sponte* dismissed all of McDaniels's claims, except his claim against Lee for deliberate indifference to his medical needs, which is the only claim at issue on appeal.

counsel for an abuse of discretion. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). "A plaintiff in a civil case has no constitutional right to counsel." *Id.* The decision to appoint counsel is within the district court's discretion, and the court should appoint counsel only in exceptional circumstances, "such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

Our review of the record persuades us that the district court did not abuse its discretion by denying McDaniels's motion for the appointment of counsel. McDaniels did not demonstrate that exceptional circumstances existed in his case that required the assistance of counsel.

## II. SUMMARY JUDGMENT

We review a district court's grant of summary judgment *de novo*, viewing all facts and reasonable inferences in the light most favorable to the non-moving party. *Bozeman v. Orum*, 422 F.3d 1265, 1267 (11th Cir. 2005). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials

on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999). "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

### III.  DISCUSSION

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove: (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Claims of deliberate indifference to the serious medical needs of pretrial detainees are governed by the Fourteenth Amendment's Due Process Clause, rather than by the Eighth Amendment's Cruel and Unusual Punishment Clause. *Andujar v. Rodriguez*, 486

F.3d 1199, 1203 n.3 (11th Cir. 2007). However, pretrial detainees are afforded the same protection as prisoners, and cases analyzing deliberate indifference claims of pretrial detainees and prisoners can be used interchangeably. *Id.*

To prevail on a claim of deliberate indifference, a plaintiff must show: (1) a serious medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). In order to establish deliberate indifference on the part of a defendant, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010) (internal quotation marks and alteration omitted). With respect to the "subjective knowledge" component, we have stated that defendants "must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* must also draw the inference." *Bozeman*, 422 F.3d at 1272 (internal quotation marks and alteration omitted).

> Whether a particular defendant has subjective knowledge of the risk of serious harm is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (internal quotation marks omitted).  Additionally, a plaintiff may show subjective knowledge by offering specific facts showing that a defendant knew of a plaintiff's medical history.  *Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1234 (11th Cir. 2010).

In determining whether a delay in treatment rises to the level of deliberate indifference, relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay."  *Goebert*, 510 F.3d at 1327.  The question of whether a delay in receiving treatment worsened an individual's condition overlaps with the causation inquiry.  *Id.* at 1329.  To survive summary judgment, a plaintiff must show that the delay attributable to the defendant's indifference likely caused the plaintiff's injury.  *Id.* "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."  *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739, n.9, 122 S. Ct. 2508, 2515, n.9, 153 L. Ed. 2d 666 (2002).

We conclude from the record that the district court did not err in granting summary judgment in favor of Lee because McDaniels failed to show either that

6

Lee was deliberately indifferent to his HIV status or that he suffered any injury that was attributable to Lee's alleged indifference.

## IV. CONCLUSION

For the above-stated reasons, we affirm the district court's grant of summary judgment and the order denying McDaniels's motion to appoint counsel.

**AFFIRMED.**