**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 30, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AUDREY L. TENNYSON,

Plaintiff - Appellant,

v.

RICK RAEMISCH, CDOC Director;
MICHAEL MILLER, CCCF Warden;
MELINDA McMILLIAN, CCCF
Bookkeeper; LOUIS CABLING,
CCCF Head Physician; JUDY
BREZEDINE, CCCF Health Servs.
Admin.; LAURIE KNAPP, CCCF
Clinical Supervisor; DOUG
ROBERTS, PPMU Med. Monitor; and
ANTHONY DECESARO, CDOC
Grievance Review Officer,

Defendants - Appellees.

No. 15-1166
(D.C. No. 1:15-CV-00707-MSK-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has decided unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Plaintiff-Appellant Audrey Tennyson, proceeding pro se, appeals from the district court's order denying Mr. Tennyson's motion for a preliminary injunction.[1]  Exercising our jurisdiction under 28 U.S.C. § 1292(a)(1), and construing Mr. Tennyson's filings liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), we **affirm** the district court's order denying Mr. Tennyson's request for a preliminary injunction.

---

[1]      Mr. Tennyson also purports—in his opening brief—to appeal the district court's order dismissing Defendant Anthony DeCesaro.  However, Mr. Tennyson failed to make any mention of this order in his notice of appeal, as required under Federal Rule of Appellate Procedure 3(c)(1)(B) (requiring that a notice of appeal "designate the judgment, order, or part thereof being appealed").  Moreover, his opening brief cannot serve as the functional equivalent of a notice of appeal because it was not filed within thirty days of the district court's order dismissing Defendant DeCesaro.  *See Smith v. Barry*, 502 U.S. 244, 249 (1992) ("[The Federal Rules] do not preclude an appellate court from treating a filing styled as a brief as a notice of appeal . . . if the filing is *timely* under Rule 4 and conveys the information required by Rule 3(c)." (emphasis added)); Fed. R. App. P. 4(a)(1)(A) ("In a civil case, . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").  In any event, even if we could put aside Mr. Tennyson's failure to file a notice of appeal as to this order, we lack jurisdiction to consider a ruling dismissing fewer than all of the defendants at this interlocutory stage and most of the defendants remain in the litigation.  *See* 28 U.S.C. § 1291 (granting the courts of appeals "jurisdiction of appeals from all final decisions of the district courts"); *Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) ("Final decisions are those that '"end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment."'  A final judgment is one that terminates '"all matters as to all parties and causes of action."'" (alterations in original) (citations omitted)); *see also Lopez v. Roark*, 560 F. App'x 809, 811 (10th Cir. 2014) (noting that district court's dismissal of all claims against some but not all of the defendants was "not [a] final decision[]" and could not be appealed at the interlocutory stage).

2

Mr. Tennyson, an inmate within the Colorado Department of Corrections who is currently incarcerated at Crowley County Correctional Facility in Olney Springs, Colorado, filed suit under 42 U.S.C. § 1983 alleging, *inter alia*, that the defendants have unconstitutionally refused to provide him with sufficient personal hygiene items and Zantac, an over-the-counter medication used to treat Gastroesophageal Reflux Disease ("GERD"). Subsequently, he filed a motion for a preliminary injunction, asking the district court to order defendants to immediately begin providing him with those things. The court denied the motion, and Mr. Tennyson timely filed this appeal.[2]

---

[2]     After the district court denied Mr. Tennyson's motion for a preliminary injunction, pursuant to Fed. R. Civ. P. 59(e), he filed a motion to alter or amend the order denying his initial motion. The district court summarily denied this second motion for the same reasons set forth in its initial order. Mr. Tennyson's notice of appeal only refers to the district court's order denying his motion to alter or amend. However, construing Mr. Tennyson's filings liberally, *see Garza*, 596 F.3d at 1201 n.2, we believe it is very likely that his true appellate target was the court's initial order denying his preliminary-injunction motion; his appeal would have been timely as to this order (as well as to the subsequent order denying his motion to alter or amend). In this regard, his appellate briefing challenges the court's conclusions in denying his preliminary-injunction motion and, more specifically, does not invoke the discrete standards for relief under Rule 59(e) or attempt to make arguments calculated to satisfy them. *See generally Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) ("[A] motion for reconsideration 'should be granted only to correct manifest errors of law or to present newly discovered evidence.'" (quoting *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)). Accordingly, we are inclined to view Mr. Tennyson's specification in his notice of appeal of the order denying his motion to alter or amend as a harmless mistake and focus instead on the order denying his preliminary-injunction motion. *See Sanabria v. United States*, 437 U.S. 54, 67 n.21 (1978) ("A mistake in designating the judgment appealed from is not always fatal, so long as the intent to appeal from a specific
(continued...)

3

We review the district court's denial of the motion for a preliminary injunction for an abuse of discretion. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). "A movant is entitled to a preliminary injunction if he can establish the following: (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest." *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Furthermore, where, as here, the movant seeks to disturb the status quo, he has an "even heavier burden of showing that the four factors listed above weigh heavily and compellingly in movant's favor before such an injunction may be issued." *Kikumura*, 242 F.3d at 955 (quoting *SCFC*

[2](...continued)
ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced."); *Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992) ("The requirements of Rule 3 [of the Federal Rules of Appellate Procedure] should be liberally construed."). In any event, even if we viewed Mr. Tennyson as challenging the court's order denying his motion to alter or amend, given the more rigorous standards for relief that govern such motions (i.e., requiring a showing of manifest errors of law or newly discovered evidence), Mr. Tennyson's failure to frame his arguments to address them, and our ultimate conclusion that the district court did not abuse its discretion in denying his preliminary-injunction motion, it is patent that the outcome that we reach here would be the same.

4

*ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).  Because the first of the factors listed above—likelihood of success on the merits—resolves the instant appeal, we confine our analysis to that issue.  *Cf. Republican Party of N.M. v. King*, 741 F.3d 1089, 1092 (10th Cir. 2013) (resolving disposition of the injunction at the first step of our traditional test).

Mr. Tennyson argues that the defendants' refusal to provide him with personal hygiene products and Zantac free of charge constitutes a violation of the Eighth Amendment.  Under well-established law, "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "Deliberate indifference has both an objective and subjective component.  The medical need must be sufficiently serious to satisfy the objective component."  *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted).  "In terms of the subjective component, . . . a plaintiff must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'"  *Id.* (quoting *Farmer*, 511 U.S. at 847).  Mr. Tennyson contends that the defendants have been deliberately indifferent to his medical needs by refusing to provide (1) personal hygiene products, and (2) his once-prescribed medication for GERD (i.e., Zantac).  However, he fails to demonstrate a likelihood of success under the Eighth Amendment with regard to either.

5

Beginning with the alleged lack of access to personal hygiene products, this court has previously made clear that "[a] deprivation of hygiene items without any corresponding injury would not state an Eighth Amendment violation." *Whitington v. Ortiz*, 472 F.3d 804, 808 (10th Cir. 2007); *see also Scott v. Case Manager Owens (SCF)*, 80 F. App'x 640, 643 (10th Cir. 2003) ("Scott has alleged nothing that suggests he has been subjected to inhumane conditions of confinement. . . . Although a denial of basic hygiene items might meet this standard under extreme conditions, Scott has not come close to alleging a substantial risk of serious harm in this case." (citations omitted)). Here, neither Mr. Tennyson's motion nor his attached declaration makes any mention of an injury he has suffered as a result of the alleged deprivation of hygiene products. He has thus failed to demonstrate any likelihood of success on the merits with regard to this contention.

Turning to the alleged deprivation of Zantac, Mr. Tennyson has failed to make any showing that might satisfy the subjective component of the deliberate indifference test. As noted above, the subjective component requires that the plaintiff establish that the defendants knew he faced "a substantial risk of harm." *Hunt*, 199 F.3d at 1224. Here, Mr. Tennyson's motion makes no argument—beyond a bare conclusory assertion reciting the legal test—that any defendant knew of and disregarded a substantial risk of harm resulting from his inability to obtain Zantac. Neither does his attached declaration aver that any

6

defendant knew of such a risk. Without any showing—based on pleaded facts—that might satisfy this component of the deliberate indifference test, we cannot find that Mr. Tennyson has demonstrated a substantial likelihood of success on the merits.

We note that Mr. Tennyson does aver that Dr. Cabling had previously prescribed him Zantac and that he told the doctor that he would be "in pain all the time" without the medication. R., Vol. I, at 58. However, these facts alone are insufficient to show that Dr. Cabling was aware that Mr. Tennyson faced a substantial risk of harm without Zantac. GERD—also known as acid reflux—is a common problem and in many instances is not a serious condition warranting Eighth Amendment scrutiny. *See, e.g.*, *Watson-El v. Wilson*, No. 08 C 7036, 2010 WL 3732127, at *13 (N.D. Ill. Sept. 15, 2010) ("The court finds as a matter of law that the plaintiff's acid reflex did not rise to the level of a serious medical need for purposes of Eighth Amendment analysis."); *Fox v. Rodgers*, No. 08-CV-14727, 2010 WL 2605940, at *3 (E.D. Mich. June 8, 2010) ("Plaintiff falls short of satisfying the objective component. He did not present any authority for the proposition that his acid reflux disease presented a serious medical need."), *report and recommendation adopted*, No. 08-CV-14727, 2010 WL 2605832 (E.D. Mich. June 25, 2010). As explained below, neither the earlier prescription nor Mr. Tennyson's statement about constant pain demonstrate that Dr. Cabling knew that Mr. Tennyson's case of GERD was a serious one.

7

First, it appears, according to Mr. Tennyson's declaration, that the prison previously provided common over-the-counter medications free of charge through a prescription system. *See* R., Vol. I, at 58 (averring that, prior to the policy change requiring inmates to purchase such medication through the commissary, Mr. Tennyson had received both Zantac and Tylenol by prescription). Thus the fact that Mr. Tennyson had previously received a prescription for Zantac from Dr. Cabling does not necessarily indicate that his condition was a serious one.[3] Accordingly, Dr. Cabling's knowledge of the earlier prescription does not support the inference that he was aware that Mr. Tennyson suffered from a serious case of GERD that could form the basis of an Eighth Amendment claim.

As for Mr. Tennyson's statement that he would "be in pain all the time," the relevant question here is not whether Dr. Cabling was aware that he would suffer pain from the denial of Zantac, but rather whether he was aware that this denial would cause the kind of pain that would be deemed objectively serious for Eighth Amendment purposes. *See Gee v. Pacheco*, 627 F.3d 1178, 1192 n.5 (10th Cir. 2010) (noting that even where information concerning a medical diagnosis is

---

[3]     For this reason, this is not a case in which a doctor's recommended treatment for a medical condition evinces his awareness of the seriousness of the condition for Eighth Amendment purposes. *Cf. Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) ("[A] 'medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment . . . .'" (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000))). Mr. Tennyson has made no showing that Dr. Cabling mandated treatment for his GERD; he avers only that he had a prescription at a time when inmates could obtain prescription medications for non-serious conditions.

included in a complaint, a plaintiff "may still fail to establish the existence of a *serious* medical need that can support an Eighth Amendment claim"). Not every twinge of pain suffered by a prisoner places a medical professional under a constitutional obligation to act. *See Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014) ("[N]ot every twinge of pain suffered as a result of delay in medical care is actionable . . . ." (quoting *Kikumura*, 461 F.3d at 1292)).

Here, Mr. Tennyson did not at any point, according to his averments, tell Dr. Cabling about the particular severity of his alleged pain or the other elements of discomfort that he claims resulted from the denial of Zantac.[4] *Cf. Rowe v. Gibson*, 798 F.3d 622, 624 (7th Cir. 2015) (prisoner's "continuous claims of *severe* pain" caused by GERD could support finding of deliberate indifference (emphasis added)); *Mata v. Saiz*, 427 F.3d 745, 756 (10th Cir. 2005) (in contrast to the present case, prisoner's complaint of chest pains could support deliberate indifference claim). Nor has Mr. Tennyson alleged that he had a history of experiencing severe symptoms without Zantac and that Dr. Cabling was aware of

---

[4]     Mr. Tennyson's declaration states that since he stopped receiving Zantac, he has had "countless sleepless nights" and "[his] chest burns so bad" that he "contemplates inducing [himself] to vomit." R., Vol. I, at 58. While he avers that he has "tried to get other med staff to intervene," he makes no specific allegation that he has communicated the severity of his symptoms to Dr. Cabling or anyone else. Without any such averment, on these facts, we cannot conclude that Mr. Tennyson has made a showing that would satisfy the subjective component of the deliberate indifference standard. *Cf. Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) ("[T]here is no requirement that a prisoner provide 'objective' evidence of his pain and suffering—self-reporting is often the only indicator a doctor has of a patient's condition.").

9

any such medical history.  *Cf. McDaniels v. Lee*, 405 F. App'x 456, 458 (11th Cir. 2010) ("[A] plaintiff may show subjective knowledge by offering specific facts showing that a defendant knew of a plaintiff's medical history.").  In sum, Mr. Tennyson has not shown that Dr. Cabling knew that the denial of Zantac would cause the kind of pain that could form the basis of a claim under the Eighth Amendment, and he thus has failed to demonstrate any likelihood of success on the merits of his deliberate indifference claim.

For the reasons stated above, we **AFFIRM** the district court's denial of Mr. Tennyson's motion for a preliminary injunction.  We note that the district court granted Mr. Tennyson leave to proceed on appeal pursuant to 28 U.S.C. § 1915 on July 6, 2015 and assessed partial payments of the appellate costs and fees.  In light of the district court's order, we **DENY** as moot the motion for leave to proceed on appeal without prepayment of costs and fees that Mr. Tennyson filed in this court on July 2, 2015, and we **VACATE** this court's order of July 2, 2015 assessing costs and fees.  Mr. Tennyson is reminded of his obligation to continue making partial payments of the appellate fees as ordered by the district court until they are paid in full.[5]

---

[5]     Following a full round of briefing by the parties, Mr. Tennyson submitted a document styled, "Motion to Cite A Supplemental Authority," which our court filed on December 23, 2015.  This document includes a citation to a medical treatise; generally speaking, Mr. Tennyson contends that this authority bolsters his position regarding the seriousness of GERD.  We **grant** Mr. Tennyson's motion and have given due consideration to the contents of this filing
(continued...)

For the reasons stated above, we **AFFIRM** the district court's denial of Mr. Tennyson's motion for a preliminary injunction.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

---

[5](...continued)
in our disposition of this case.