FILED
United States Court of Appeals
Tenth Circuit

May 19, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

PAUL ARTHUR LOPEZ,

      Plaintiff - Appellant,

v.

JERRY ROARK; JOE BOOKER;
JAMES FRAWNER; MICHAEL
GONZALES,

      Defendants - Appellees.

No. 14-2001
(D.C. No. 2:13-CV-00743-JCH-CG)
(D.N.M.)

**ORDER AND JUDGMENT***

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

In June 2009, Paul Lopez arrived at the Lea County Correctional Facility (Lea County) near Hobbs, New Mexico, where he began serving a 24-year sentence for aggravated burglary, possession of burglary tools, and larceny. While at Lea County, Lopez was placed in protective custody and housed with other protective-custody inmates.

A few years later, Lopez was transferred to the Otero County Prison Facility (Otero County) near Chaparral, New Mexico. After arriving, he was placed in the general prison

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. Accordingly, the case is ordered submitted without oral argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, claim preclusion, and issue preclusion. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

population. But Lopez wanted to be in protective custody, so he sent a letter to Joe Booker, the Deputy Secretary of Operations within the New Mexico Corrections Department, asking for placement in protective custody. The letter said that Lopez had nine enemies in Otero County's general population, so his placement in the general population jeopardized his safety. Lopez also asked Michael Gonzales, a correctional officer at Otero County, for placement in protective custody.

Lopez eventually succeeded in his endeavor, but his success was short-lived. After a brief stint in protective custody, he was put back in the general population. And, according to Lopez, once the other inmates caught wind of his attempts to be put in protective custody, they labeled him a "snitch," a "protective custody bitch," and targeted him for abuse.

About two weeks after going back into the general population, another inmate physically assaulted Lopez, resulting in injuries to Lopez's head and face. Lopez then sent a letter to Jerry Roark, the Director of the Adult Prisons Division within the New Mexico Corrections Department, requesting placement in protective custody—but to no avail. He also filed a grievance against Gonzales and James Frawner, Otero County's Warden, seeking placement in protective custody—also to no avail.

Lopez then turned to the federal judiciary for redress, filing a pro se complaint in the United States District Court for the District of New Mexico. The complaint asserted claims under 42 U.S.C. § 1983 against Roark, Booker, Frawner, and Gonzales. The principal claim was that Defendants knew Lopez faced a substantial risk of serious harm

but refused to take reasonable measures to abate that risk in violation of the Eighth Amendment.

Numerous motions followed on the heels of Lopez's complaint, including a motion to amend the complaint, a motion to compel service of process on Roark and Booker, and a motion for a preliminary injunction ordering Defendants to transfer Lopez back to Lea County.

The district court dealt with many of these motions in a single order. Among other things, the district court denied Lopez's motion to amend his complaint and his motion to compel service of process, dismissed Lopez's claims against Roark and Booker, and denied Lopez's motion for a preliminary injunction.

Unsatisfied with those rulings, Lopez filed this interlocutory appeal.

Before us, Lopez raises four arguments. First, he argues that the district court should have granted him leave to amend his complaint. Second, he argues that the district court should have granted his motion for service of process. Third, he argues that the district court should not have dismissed his claims against Roark and Booker. And fourth, he argues that the district court should have granted his motion for a preliminary injunction.

As a threshold matter, we don't have appellate jurisdiction to entertain Lopez's first three arguments. Generally, we may review only the final decisions of a district court. *Miller v. Basic Research, LLC*, No. 13-4048, slip op. at 4 (10th Cir. May 6, 2014) (citing 28 U.S.C. § 1291). A *final decision* is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Hatten-Gonzales v. Hyde*, 579 F.3d 1159, 1166 (10th Cir. 2009). Here, the district court's denial of leave to amend,

denial of service of process, and dismissal of the claims against Roark and Booker are not final decisions, so we don't have appellate jurisdiction to review those decisions at this interlocutory stage.

But we do have appellate jurisdiction to review the district court's order denying Lopez's motion for a preliminary injunction. That's because, under 28 U.S.C. § 1292, we generally may review an interlocutory order of a district court denying an injunction. 28 U.S.C. § 1292(a)(1). (Because appellate jurisdiction exists over this issue, we deny Frawner and Gonzales's motion to dismiss this appeal for lack of appellate jurisdiction.)

Turning then to the preliminary-injunction issue, we start with our standard of review. When a district court denies a motion for a preliminary injunction, we review that order for abuse of discretion only. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). A district court abuses its discretion when its conclusion rests on an erroneous legal premise or on a clearly erroneous factual finding. *Id.* A district court also abuses its discretion when its conclusion is arbitrary or manifestly unreasonable. *Id.*

A party seeking a preliminary injunction must demonstrate four elements: (1) a likelihood of success on the merits; (2) a likelihood that the party will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tip in the party's favor; and (4) that the injunction serves the public interest. *Id.* at 1251. And where, as here, the party seeks a preliminary injunction ordering some affirmative act that upsets the status quo, the party must make a "heightened showing" of these elements. *Id.*

Applying these principles here, we can't say the district court abused its discretion in denying Lopez's preliminary-injunction motion. In support of his motion, Lopez didn't

even mention the third and fourth preliminary-injunction factors, much less make a "heightened showing" of those factors. *See* R. at 70–72. In short, Lopez failed to carry his burden of proof, so the district court acted within its discretion in denying Lopez's motion.

We affirm the district court's order denying Lopez's motion for a preliminary injunction. And while we grant Lopez's motion to proceed *in forma pauperis*, we remind him of his obligation to pay the full filing fee.

ENTERED FOR THE COURT


Gregory A. Phillips
Circuit Judge