**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIS A. CENTER, SR.,

    Plaintiff-Appellant,

v.

ROBERT O. LAMPERT, Director,
Wyoming Department of
Corrections, in his individual and
official capacities; CARL
VOIGTSBERGER, Wyoming
Department of Corrections
Classification and Housing Manager
in his individual and official
capacities; KAYLA UPDAHL,
Wyoming Department of Corrections
Policy and Planning Manager in her
individual and official capacities;
EDDIE WILSON, Wyoming
Department of Corrections State
Penitentiary Warden in his
individual and official capacities;
MICHAEL PACHECO, Wyoming
Department of Corrections State
Penitentiary Warden in his
individual and official capacities;
JANEL THAYER, Wyoming
Department of Corrections Housing
Manager in her individual and
official capacities; DEPUTY
WARDEN HOLTZ, Wyoming
Department of Corrections State
Penitentiary Deputy Warden in his
individual and official capacities;
GABBY WOODS, Wyoming
Department of Corrections State
Penitentiary Unit Manager in her
individual and official capacities;

No. 17-8050
(D.C. No. 1:17-CV-00096-ABJ)
(D. Wyo.)

DARCY MCFARRIN, Wyoming Department of Corrections State Penitentiary Unit Manager in her individual and official capacities; VICKY SMITH, Wyoming Department of Corrections State Penitentiary Unit Manager in her individual and official capacities; HEATHER SPEICER, Wyoming Department of Corrections State Penitentiary Education Department Employee in her individual and official capacities; JENNA RAMILLER, Wyoming Department of Corrections State Penitentiary Law Librarian in her individual and official capacities; MAJOR REMACLE, Wyoming Department of Corrections State Penitentiary Security Major in his individual and official capacities; LIEUTENANT KAHN, Wyoming Department of Corrections State Penitentiary Lieutenant in his individual and official capacities; CAPTAIN JACOBS, Wyoming Department of Corrections State Penitentiary Captain in his individual and official capacities; K. BARKES, J. WADE, VIAU THOMPSON, OFFICER GOODMAN, OFFICER P. BROWN, OFFICER J. BROWN, OFFICER MAYNARD, D. RAMILLER, CORRECTIONAL OFFICER SABO, CORRECTIONAL OFFICER JOHNSON, Wyoming Department of Corrections State Penitentiary Correctional Officers in their individual and official capacities; CAPTAIN HOEGLIN, CAPTAIN RAPP, Wyoming Department of Corrections State Penitentiary Captains in their

2

individual and official capacities;
PROPERTY OFFICER ROGERS,
PROPERTY OFFICER WEARRING,
Wyoming Department of Corrections
State Penitentiary Property Officers
in their individual and official
capacities; CASEWORKER
HOEGLIN, Wyoming Department of
Corrections State Penitentiary
Caseworker in his/her individual
and official capacities;
CORRECTIONAL OFFICER
DEDRICK, CORRECTIONAL
OFFICER DANDY, Wyoming
Department of Corrections State
Penitentiary Correctional Officers in
their individual and official
capacities,

      Defendants-Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

This appeal is brought pro se by Mr. Willis Center, who sued under

42 U.S.C. § 1983. His appeal grew out of the denial of his motions for

---

[*]    Oral argument would not be helpful in this appeal. As a result, we are deciding the appeal based on Mr. Center's briefing. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

- a temporary restraining order and a preliminary injunction and

- a motion to reconsider those rulings.

In his motions for a temporary restraining order and a preliminary injunction, he sought a prohibition against

- his placement in disciplinary segregation,

- the confiscation of his legal property,

- the interference with his written communications with attorneys, and

- the presence of identified staff members within a specified distance.

In addition, Mr. Center sought the appointment of a court advocate. As an alternative to all of these requests, he sought an order requiring a transfer to another facility. The district court declined to grant a temporary restraining order or preliminary injunction and later declined to reconsider these rulings.

## I.    Temporary Restraining Order

We lack jurisdiction over the denial of a temporary restraining order and refuse to reconsider this denial. *See Tooele Cty. v. United States*, 820 F.3d 1183, 1186 (10th Cir. 2016). Thus, we dismiss the appeal regarding this part of the ruling.

4

## II. Preliminary Injunction and Reconsideration

We affirm the denials of the preliminary injunction and the motion to reconsider this denial.

### A. Standard of Review

For our review of the denial of a preliminary injunction or a motion to reconsider this denial, we apply the abuse-of-discretion standard. *See Gen. Motors Corp. v. Urban Gorilla, LLC,* 500 F.3d 1222, 1226 (10th Cir. 2007) (preliminary injunction); *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013) (motion to reconsider). A district court does not abuse its discretion unless it "'commits an error of law or makes clearly erroneous factual findings.'" *Gen. Motors*, 500 F.3d at 1226 (quoting *Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1252 (10th Cir. 2006)). A preliminary injunction involves an extraordinary remedy, which is available only when the movant's right to relief is clear and unequivocal. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003).

### B. Mr. Center's Burden in District Court

Our precedents require Mr. Center to satisfy four elements: "(1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to

5

the public interest." *Salt Lake Tribune Publ'g Co. v. AT & T Corp.*, 320 F.3d 1081, 1099 (10th Cir. 2003) (internal quotation marks omitted).

## C.    Requests for Prohibitive Relief

In part, Mr. Center sought an order prohibiting certain conduct.

### 1.    Placement in Disciplinary Segregation and Confiscation of Legal Property

Mr. Center requested a preliminary injunction against placement in disciplinary segregation and confiscation of his legal property.[1] For these requests, however, the district court enjoyed discretion to conclude that Mr. Center had failed to satisfy any of the elements of a preliminary injunction, and Mr. Center has not identified any manner in which the court erred in this part of the ruling. *See Fisher v. Okla. Dep't of Corr.*, 213 F. App'x 704, 709 (10th Cir. 2007) (unpublished) (upholding the denial of a preliminary injunction against seizure of legal materials based on the inmate plaintiffs' failure to satisfy any of the four requirements of a preliminary injunction). Thus, we affirm the denial of relief involving placement in disciplinary segregation and confiscation of legal property.

---

[1]    Before the court ruled on the motion to reconsider, Mr. Center filed an affidavit acknowledging his release from segregation and the return of all of his legal property.

## 2.    Communications with a Jailhouse Lawyer

In addition, Mr. Center sought an order preventing disturbance of his communications with a jailhouse lawyer.[2] For this request, Mr. Center provided only a single allegation in the complaint: "They even denied me access to a jailhouse lawyer through the mail that has helped me before with court filings." R. at 34.

Prison officials enjoy a legitimate penological interest in restricting communications between inmates, even when the ostensible purpose is to obtain advice from jailhouse lawyers. *See Shaw v. Murphy*, 532 U.S. 223, 231 (2001); *Johnson v. Avery*, 393 U.S. 483, 489-90 (1969). Thus, the district court did not abuse its discretion in concluding that Mr. Center had failed to justify a preliminary injunction against restrictions on communications with fellow inmates for the purpose of getting legal advice.

## 3.    Communications with an Attorney

Mr. Center also referred to his difficulty in communicating with an attorney. In the complaint, he alleged:

> Even then they just recently denied me postage to communicate with Ms. Urbin who works also at the Gillette, WY Public

---

[2]    In seeking a preliminary injunction, Mr. Center did not specifically ask for this prohibition. Instead, he focused on impediments to his communication with an attorney. But his complaint does raise the issue and he incorporated the complaint in his motion. For the sake of argument, we may assume that the motion would encompass his communications with a jailhouse lawyer.

7

defenders office. I sent her a letter the week they took Jayson away and it returned 5/30/16 saying postage is still due. . . .

I do not have access to the postage meter that places the stamp on envelopes and they are the ones who do this. They will not allow his mail to go out to Ms. Urbin or allow her phone number to be added to his account.

R. at 34-35.[3] Again, however, the district court enjoyed discretion to conclude that Mr. Center had failed to satisfy the elements of a preliminary injunction; and Mr. Center identifies no error in this conclusion.

### 4.    Separation from Designated Officials

Mr. Center also requested a preliminary injunction that would prevent certain prison officials from being within a specified distance of him. Again, however, Mr. Center has not supported the existence of any of the equitable elements for a preliminary injunction of this sort. As a result, we conclude that the district court had discretion to deny this part of the motion. *See* p. 7, below (citing *Lopez v. Roark*, 560 F. App'x 809, 812 (10th Cir. 2014) (unpublished)).

### D.    Requests for Affirmative Relief

Mr. Center also sought affirmative action in his motion for a preliminary injunction. A preliminary injunction requiring affirmative action "is an extraordinary remedy and is generally disfavored." *Little v.*

---

[3]    When seeking reconsideration, Mr. Center acknowledged that he had ultimately been allowed to add Ms. Urbin's telephone number to his contact list. R. at 91. Mr. Center then stated that he was unable to call Ms. Urbin during regular office hours because he could not afford to purchase telephone privileges. *Id.*

*Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal quotation marks omitted). For a preliminary injunction requiring affirmative action, Mr. Center had a heightened burden on the four elements. *See id*. The district court did not abuse its discretion in concluding that Mr. Center had failed to satisfy his burden on these aspects of the motion.

### 1. Appointment of a Court Advocate

In part, Mr. Center requested appointment of a court advocate to oversee prison operations. The district court pointed out that Mr. Center had not cited any support for the court's authority to appoint a court advocate. *See Webb v. Goord*, 340 F.3d 105, 111 (2d Cir. 2003) (stating that the Prison Litigation Reform Act "has substantially limited the capacity of federal courts to appoint special masters to oversee prison conditions"). In light of the absence of support for this request, we conclude that this part of the ruling fell within the district court's discretion.

### 2. Transfer

In the alternative, Mr. Center sought a transfer. He is currently housed in a state prison. But in the event of a denial of his other requests, he sought transfer to a federal holding facility in light of the parole board's alleged willingness to grant parole and allow him to go into federal custody pursuant to a detainer.

For this request, Mr. Center did not refer to any of the elements of a preliminary injunction or identify any legal basis to order transfer from state custody to federal custody. Against this backdrop, the district court acted within its discretion to deny this part of the request. *See Lopez v. Roark*, 560 F. App'x 809, 812 (10th Cir. 2014) (unpublished) (upholding the denial of a preliminary injunction for transfer to another prison based on the inmate plaintiff's failure to even mention the third or fourth elements for a preliminary injunction, much less satisfy his heightened burden on these elements).

* * *

Accordingly, we dismiss the appeal with respect to the denial of a temporary restraining order. But we affirm on the denial of Mr. Center's motions for a preliminary injunction and reconsideration.

## III.  Leave to Proceed in Forma Pauperis

We grant Mr. Center's motion for leave to proceed *in forma pauperis*. But we remind Mr. Center of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court


Robert E. Bacharach
Circuit Judge

10